**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERTA STEPHANIE DIAZ, MIKIAL REDMOND, MARIYA MALAYEVA, and FELIX ROXAS, on behalf of themselves and on behalf of all similarly situated persons

Plaintiff,

– against –

THE AVO SHOPPING COMPANY, INC.,

Defendant.

Civil Action No. 22-2591

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs Roberta Stephanie Diaz, Mikial Redmond, Mariya Malayeva and Felix Roxas, on behalf of themselves and on behalf of all similarly situated persons, by and through their undersigned counsel Rahman Law P.C., as and for their Complaint in this action against Defendant The Avo Shopping Company, Inc. ("Avo"), hereby allege as follows:

**INTRODUCTION**

1.      Avo, the same-day, no-fee, no-minimum grocery and other homeware delivery company, was recently described by The Real Deal, the so-called "premier real estate news outlet in the US," as "the must-have surprise amenity for NYC landlords" and a "huge hit with [] residents" in both residential and commercial buildings.[1] In fact, Avo's CEO, Dekel Valtzer, claims the company "solve[s] the need for fast and reliable delivery in commercial office buildings."

2.      However, when it comes to lawfully paying its employees the wages they are owed, Avo has been far from a "huge hit."

---

[1]      https://therealdeal.com/sponsored/avo/avo-proves-to-be-the-must-have-surprise-amenity-for-nyc-landlords/

3.      As detailed below, Avo has blatantly violated the federal and New York state WARN Acts by suddenly terminating 146 of its employees without providing them with the required 60-90 days' notice, despite determining well in advance that it would be engaging in this mass layoff.  As a result, Avo owes Plaintiffs and other similarly situated employees whose employments were abruptly terminated 60 days' worth of wages and benefits.

4.      As a result, Plaintiffs bring this action on behalf of themselves and 143 other similarly situated workers, pursuant to the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"), the New York State Worker Adjustment and Retraining Notification Act (the "NY WARN Act") New York Labor Law ("NYLL"), §§ 860 *et seq.*, and applicable regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking damages as a result of Avo's inexcusable failure to timely provide them with the proper required written notice after being subjected to a mass layoff and/or plant closing effectuated by Avo. Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "WARN Class."

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiffs' and the WARN Class's rights under the WARN Act.  The Court has supplemental jurisdiction over Plaintiffs' related claims arising under New York law pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because: (i) Avo resides in this district; and (ii) a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

7.      Venue is also proper in this Federal district court pursuant to § 2104 of the WARN Act, which governs civil actions against employers.  Specifically, the statute requires persons seeking to enforce liability under the WARN Act on behalf of themselves or for other persons similarly situated to sue "in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business," which is an "exclusive remed[y] for any violation" of the WARN Act.  29 U.S.C. §§ 2104(a)(5) and (b).

## PARTIES

8.      Plaintiff Roberta Stephanie Diaz is an adult who resides in New York, New York.  Plaintiff Diaz worked as a Customer Success Specialist for Defendant from August 2021 until the termination of her employment on April 28, 2022.  At all relevant times, Ms. Diaz was an "employee" within the meaning of the WARN Act and NY WARN Act.

9.      Plaintiff Mikial Redmond is an adult who resides in New Jersey.  Plaintiff Redmond worked as a Customer Service Representative for Defendant from March 2021 until the termination of his employment on April 28, 2022.  At all relevant times, Mr. Redmond was an "employee" within the meaning of the WARN Act and NY WARN Act.

10.      Plaintiff Mariya Malaeva is an adult who resides in Long Island, New York.  Plaintiff Malayeva worked as a Customer Success Specialist for Defendant from September 2021 until the termination of her employment on April 28, 2022.  At all relevant times, Ms. Malayeva was an "employee" within the meaning of the WARN Act and NY WARN Act.

11.      Plaintiff Felix Roxas is an adult who resides in New Hampshire.  Plaintiff Roxas worked as a Customer Success Specialist for Defendant from August 2021 until the termination of his employment on April 28, 2022.  At all relevant times, Mr. Roxas was an "employee"

within the meaning of the WARN Act and NY WARN Act.

12.     Defendant The Avo Shopping Company, Inc. is a foreign business corporation organized under the laws of the State of Delaware with a principal place of business located at 4138 37th Street, Long Island City, NY 11101, and address for service of process of 41-38 37th Street, Long Island City, NY 11101 c/o Neri Bluman.

13.     At all relevant times, Defendant Avo was an "employer" within the meaning of the WARN Act and NY WARN Act.

14.     Upon information and belief, at all relevant times, more than 100 employees, not including Part-Time employees, were employed at Avo.

15.     Upon information and belief, Avo knew, or had reason to know, that it was going to terminate the employments of 146 of its employees well before April 28, 2022.

16.     Upon information and belief, Defendant has no possible defense to its failure to observe the requirements of the NY WARN Act and the WARN Act.

<u>**STATEMENT OF FACTS**</u>

<u>**WARN Act Violations**</u>

17.     On April 28, 2022, Defendant notified Plaintiffs and other employees that it was going to conduct a mass layoff at its 4138 37th Street, Long Island City, New York 11101 location.  In all, the employment of 146 total employees, including Plaintiffs, were terminated, effective May 6, 2022, with their medical insurance coverage set to end on May 31, 2022.

18.     Avo issued Plaintiffs and all other who were affected by this "mass layoff" a document that purported to be a notice under WARN and NY WARN.  However, Avo claimed that it was unable to provide 60 days' notice per WARN or the entire 90 days' notice per NY WARN due to unspecified allegedly "unforeseeable business circumstances."

19.     Avo (or more accurately, Avo's lawyers) merely tracked the Department of

Labor's guidance concerning exceptions to the notice requirements of WARN verbatim by claiming that the company could not provide 60 days' notice "due to the dramatic downturn in the market that resulted in Avo not being able to secure crucial funding that [it] had reasonably expected receiving and [their] inability to find replacement funding."

20.    The notice to Plaintiffs is attached hereto as "Exhibit A."  Upon information and belief, all similarly situated employees who were terminated received identical notices.

21.    The notice failed to provide 60-days' notice to Plaintiffs and WARN Class members of the closing, their layoffs, and other statutory conditions.

22.    Upon information and belief, the bases put forth by Avo as to why it was unable to provide Plaintiffs and the WARN Class requisite notice under the WARN Act and NY WARN Act are false, disingenuous, inaccurate and/or misleading, all to take advantage of Plaintiffs and WARN Class members and avoid paying them 60 days' worth of wages.

23.    For instance, Avo is still operational and has not filed for bankruptcy protection.

24.    In addition, just months ago, in late-2021/early-2022, Avo issued a statement to its staff purportedly from its Founders boasting about the following:

a.    "2021 [was] a monumental year for Avo!";

b.    Avo "[f]ulfilled 1.2 MILLION orders, with 6.8 MILLION items, to 520,000 customers!" (emphasis in original);

c.    Avo "[o]utgrew a NYC Warehouse"; and

d.    Avo was launching a new "Total Rewards Program" for its employees, and now offering employees, *inter alia*, life insurance plans, commuter benefits, pet insurance, auto/home, legal, critical illness, hospital indemnity, and accident insurance, 401(k)'s, and even Avo equity.

25.    This announcement also touted how Avo had recently *expanded* its business to other markets outside of New York, namely Chicago, Illinois and Houston, Texas.

26.    As such, by all accounts, Avo was performing extremely well as an expanding company as of January 2022.

27.    Avo also has a relatively lean operation.  For instance, many workers, particularly those in the customer service department like Plaintiffs, largely work remotely, and as such, Avo does not have to incur the costs of renting and providing office space to Plaintiffs and others similarly situated to them.

28.    Upon information and belief, the purported "business circumstances" that allegedly left Avo with no choice but to provide Plaintiffs and WARN Class Members notice of their mass layoff and/or plant closing (to the extent that they even constituted genuine "business circumstances") were in fact reasonably foreseeable 60 days prior to the mass layoff and/or plant closing.

29.    In other words, upon information and belief, a similarly situated employer to Avo exercising commercially reasonable business judgment would have foreseen the mass layoff and/or plant closing 60 or more days before Avo issued the notice to Plaintiffs and the WARN Class on April 28, 2022.

30.    Upon information and belief, Avo did not provide notice as soon as practicable.

31.    Shockingly, Avo fully understands it has violated the WARN and NY WARN Acts and has tried to minimize its liability by offering Plaintiffs and WARN Class members a paltry severance package of one week of pay in exchange for a full release of claims, including claims under the WARN Act and NY WARN Act.  Avo has failed to provide affected employees a full opportunity to understand their rights under the WARN Acts and other pertinent laws and regulations, and is in fact pressuring them to agree by imposing an unreasonable *seven day deadline to accept* – an extremely tight timeframe for affected employees to be able to seek out

and obtain competent legal advice.

32.     If Avo was truly concerned about its affected employees, it would offer this "severance" without it being subject to a waiver of claims, or at the minimum, a waiver that excludes claims under the WARN Act and NY WARN Act.

33.     Accordingly, any waiver of claims signed by WARN Class members should be voided for being unconscionable, obtained under duress and/or through fraud, and on any other applicable basis.

34.     Defendant has also failed to pay Plaintiffs and the WARN Class for accrued, unused paid time off, which was payable at the time of their firings.

## CLASS ACTION ALLEGATIONS – THE WARN CLASS

35.     Plaintiffs bring this action pursuant to Rule 23, on behalf of themselves and a class of persons consisting of all affected employees employed by Avo who were terminated as part of a mass layoff and/or plant shutdown on or after April 28, 2022 (the "WARN Class").

36.     The members of the WARN Class are readily ascertainable.  The number and identity of the WARN Class are determinable from Defendant's payroll and personnel records. For purposes of notice and other purposes related to this class action, their names and contact information are readily available from Defendant's records.  Notice can be provided by means permissible under Rule 23.

37.     The potential number of WARN Class members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court.  Although the precise number of WARN Class members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there are, according to Defendant, 146 WARN Class members.

38.     Plaintiffs' claims are typical of those claims which could be alleged by any

WARN Class member, and the relief sought is typical of the relief which would be sought by each WARN Class member in separate actions.

39.    Plaintiffs and WARN Class members were subject to the same violations of the WARN Act and the NY WARN Act, as alleged herein, of failing to provide proper and timely written notice to employees subject to a mass layoff effectuated by Defendant.

40.    Defendant's corporate-wide policies and practices affected all WARN Class members similarly.

41.    Plaintiffs and WARN Class members have all sustained similar losses, injuries and damages arising from the same unlawful policies.

42.    Plaintiffs are able and willing to fairly and adequately protect the interests of WARN Class members and have no interests antagonistic to WARN Class members.

43.    Plaintiffs are represented by counsel who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in employment cases.

44.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual WARN Class member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each WARN Class member to

redress the wrongs done to them.

45.     On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46.     The prosecution of separate actions by individual WARN Class members would create a risk of inconsistent and/or varying adjudications with respect to each WARN Class member, establishing incompatible standards of conduct for Defendant and resulting in the impairment of WARN Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.

47.     Common questions of law and fact exist as to WARN Class members that predominate over any questions only affecting Plaintiffs and individual WARN Class members and include, but are not limited to, the following:

a.     Whether Defendant is an "employer" under the WARN Act and the NY WARN Act;

b.     Whether Defendant provided WARN Class members with timely written notice as required by the WARN Act and the NY WARN Act;

c.     Whether Defendant owes the WARN Class payment for accrued, unused paid time off;

d.     Whether Defendant was exempt from complying with the WARN Act and NY WARN Act requirements; and

e.     Whether Defendant furnished WARN Class members with the proper written notice as required by the WARN Act and the NY WARN Act.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE WARN ACT**

48.     Plaintiffs on behalf of themselves and the WARN Class reallege and incorporate by reference all allegations in all preceding paragraphs.

49.     At all relevant times, Defendant employed one hundred (100) or more employees, exclusive of Part-Time employees, or employed one hundred (100) or more employees who in the aggregate worked at least four thousand (4,000) hours per week exclusive of hours of overtime within the United States.

50.     The terminations on or after April 28, 2022 of the employment of persons who worked at Avo resulted in the loss of employment for at least fifty (50) employees, excluding Part-Time employees.

51.     The terminations on or after April 28, 2022 of the employment of persons who worked at Avo resulted in the loss of employment for at least thirty-three percent (33%) of Avo's employees, excluding Part-Time employees.

52.     Plaintiffs and the other WARN Class members were discharged without cause on their part on or about April 28, 2022.

53.     Plaintiffs and each of the other WARN Class members experienced an employment loss  as part of or as the reasonably expected consequence of the mass layoff that took place on or about April 28, 2022, or thereafter.

54.     The WARN Act requires that unrepresented employees receive notice which contains the following language:

55.     Prior to their terminations, Plaintiffs and other WARN Class Members did not receive written notice at least sixty (60) days in advance of the termination of their employment.

56.     Upon information and believe, the basis for reducing the notification period in the notice Defendant provided was untrue, inaccurate, disingenuous, and/or misleading, and in any event, did not constitute an acceptable exception pursuant to 29 U.S.C. § 2102(b)(3).

57.     Due to Defendant's violations of the WARN Act, Defendant is liable to Plaintiffs and WARN Class members for back pay and benefits, including, but not limited to, accrued, unused paid time off, for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF THE NY WARN ACT

58.     Plaintiffs on behalf of themselves and the WARN Class reallege and incorporate by reference all allegations in all preceding paragraphs.

59.     At all relevant times, Defendant employed fifty (50) or more employees, exclusive of Part-Time employees, or employed fifty (50) or more employees who in the aggregate worked at least two thousand (2,000) hours per week exclusive of hours of overtime within New York State.

60.     The terminations on or after April 28, 2022 of the employment of persons by Defendant resulted in the loss of employment for at least twenty-five (25) employees, excluding Part-Time employees.

61.     The terminations on or after April 28, 2022 of the employment of persons who worked at Avo resulted in the loss of employment for at least thirty-three percent (33%) of Avo's employees, excluding Part-Time employees.

62.     Plaintiffs and the other WARN Class members were discharged without cause on their part on or about April 28, 2022.

63.     Plaintiffs and each of the other WARN Class members experienced an

employment loss as part of the mass layoff that took place on or about April 28, 2022, or thereafter.

64.    Prior to their terminations, Plaintiffs and the other WARN Class members did not receive written notice at least ninety (90) days in advance of the termination of their employment.

65.    Upon information and believe, the basis for reducing the notification period in the notice Defendant provided was untrue, inaccurate, disingenuous, and/or misleading, and in any event, did not constitute an acceptable exception pursuant to 12 N.Y.C.R.R. § 921-6.1.

66.    Due to Defendant's violations of the NY WARN Act, Defendant is liable to Plaintiffs and WARN Class Members for back pay and benefits, including, but not limited to, accrued, unused paid time off, for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs of this action.

**THIRD CLAIM FOR RELIEF**
**UNPAID WAGES**

67.    Plaintiffs on behalf of themselves and the WARN Class reallege and incorporate by reference all allegations in all preceding paragraphs.

68.    Plaintiffs and the other WARN Class members were employees of Defendant.

69.    Defendant failed to pay Plaintiffs and the WARN Class members their accrued, unused vacation/paid time off at the time of their termination, in violation of the NYLL.

70.    As a result of Defendant's violations of the NYLL, Plaintiffs and the other WARN Class members are entitled to recover from Defendant the full amount of wages owed to them, liquidated damages, reasonable attorneys' fees, the costs of the action, and pre-judgment and post- judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and the WARN Class respectfully

request that this Court grant the following relief:

A.      Declare that the practices complained of herein are unlawful under applicable

federal and state law;

B.      Declare this action to be maintainable as a class action pursuant to Rule 23, and

direct Avo to provide Plaintiffs with a list of all members of the WARN Class, including all last

known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can

give such persons notice of this action and an opportunity to make an informed decision about

whether to participate in it;

C.      Designate Plaintiffs as representative of the WARN Class, and their counsel of

record as class counsel;

D.      Award of damages in favor of Plaintiffs and each WARN Class member against

Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for

vacation and personal days, for sixty (60) days; (b) pension, 401(k) contributions, health and

medical insurance and other fringe benefits for sixty (60) days; and (c) medical expenses

incurred during the sixty (60) day period following their respective terminations that would have

been covered and paid under the Defendant's health insurance plans had coverage under that

plan continued for such period, all determined in accordance with the WARN Act and the NY

WARN Act.

E.      A judgment in favor of the Plaintiffs and the WARN Class equal to the sum of:

their unpaid wages, salary, commissions, bonuses, accrued, unused paid time off, health and life

insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under

the then-applicable employee benefit plans had that coverage continued for that period, all

determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4) and NYLL § 860-G(7).

F.      A judgment in favor of the Plaintiffs and the WARN Class for payment of unpaid wages including accrued bonuses, vacation and sick time amounts, applicable liquidated damages and attorneys' fees and costs pursuant to NYLL § 191.

G.      Award Plaintiffs and the WARN Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

H.      Grant Plaintiffs and the WARN Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issue of fact and damages stated herein.

Dated:  May 5, 2022
        New York, New York

                                        Respectfully submitted,

                                        **RAHMAN LAW P.C.**


                                        By: _____
                                              Tanvir H. Rahman
                                        477 Madison Avenue, 6th Floor
                                        New York. New York 10022
                                        T: 212.920.4096 | F. 347.467.4142
                                        thr@rahmanlawyer.com

                                        *Counsel for Plaintiffs and the WARN Class*