UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTA STEPHANIE DIAZ, MIKIAL REDMOND, MARIYA MALAYEVA, FELIX ROXAS, TRACEY MIX-MAYS, and NICHOLAS ANGELUS, on behalf of themselves and on behalf of all similarly situated persons<br><br>Plaintiffs,<br><br>– against –<br><br>THE AVO SHOPPING COMPANY, INC.,<br><br>Defendant. | No. 22 Civ. 2591(ENV)(TAM)<br><br>**AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Roberta Stephanie Diaz, Mikial Redmond, Mariya Malayeva, Felix Roxas, Tracey Mix-Mays, and Nicholas Angelus, on behalf of themselves and on behalf of all similarly situated persons, by and through their undersigned counsel Filippatos PLLC, as and for their Amended Complaint in this action against Defendant The Avo Shopping Company, Inc. ("Avo"), hereby allege as follows:

## INTRODUCTION

1. Avo, the same-day, no-fee, no-minimum grocery and other homeware delivery company, was recently described by The Real Deal, the so-called "premier real estate news outlet in the US," as "the must-have surprise amenity for NYC landlords" and a "huge hit with [] residents" in both residential and commercial buildings.[1] In fact, Avo's CEO, Dekel Valtzer, claims the company "solve[s] the need for fast and reliable delivery in commercial office buildings."

2. However, when it comes to lawfully paying its employees the wages they are

---

[1] https://therealdeal.com/sponsored/avo/avo-proves-to-be-the-must-have-surprise-amenity-for-nyc-landlords/

owed and complying with its obligations to employees before terminating their employment as in a mass layoff or plant closing, Avo has been far from a "huge hit."

3. Indeed, the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"), was enacted by Congress to give workers time to prepare for a layoff, so that they can prepare for the job market and learn more about unemployment insurance and training programs. The WARN Act's notice requirement increases the chances that an effected worker will find a job and thus be able to continue to sustain a livelihood for them and their families.

4. As detailed below, Avo has blatantly violated the WARN Act by suddenly terminating 146 of its employees on April 28, 2022, without providing them with the required 60 days' notice and/or 60 days' pay (the "First Layoff"). As a result, Avo owes Plaintiffs and other similarly situated employees whose employments were abruptly terminated on April 28, 2022, 60 days' worth of wages and benefits.

5. Then on May 17, 2022, Avo violated the federal WARN Act yet again by abruptly terminating dozens if not hundreds more of its employees without providing them with the required 60 days' notice and/or 60 days' pay (the "Second Layoff"). As a result, Avo owes Plaintiffs and other similarly situated employees whose employments were abruptly terminated on May 17, 2022, 60 days' worth of wages and benefits as well.

6. As a result, Plaintiffs bring this action on behalf of themselves and other similarly situated workers, pursuant to the WARN Act and Federal Rule of Civil Procedure 23, seeking damages as a result of Avo's inexcusable failure to timely provide them with the proper required written notice and wages in connection with being subjected to a mass layoff and/or plant closing effectuated by Avo. Plaintiffs and all such other similarly situated persons are jointly referred to

herein as the "WARN Class."

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiffs' and the WARN Class's rights under the WARN Act.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because: (i) Avo resides in this district; and (ii) a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

9. Venue is also proper in this Federal district court pursuant to § 2104 of the WARN Act, which governs civil actions against employers. Specifically, the statute requires persons seeking to enforce liability under the WARN Act on behalf of themselves or for other persons similarly situated to sue "in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business," which is an "exclusive remed[y] for any violation" of the WARN Act. 29 U.S.C. §§ 2104(a)(5) and (b).

## PARTIES

10. Plaintiff Roberta Stephanie Diaz is an adult who resides in New York, New York. Plaintiff Diaz worked as a Customer Success Specialist for Defendant from August 2021 until the termination of her employment on April 28, 2022. At all relevant times, Ms. Diaz was an "employee" within the meaning of the WARN Act.

11. Plaintiff Mikial Redmond is an adult who resides in New Jersey. Plaintiff Redmond worked as a Customer Service Representative for Defendant from March 2021 until the termination of his employment on April 28, 2022. At all relevant times, Mr. Redmond was an

"employee" within the meaning of the WARN Act.

12. Plaintiff Mariya Malayeva is an adult who resides in Long Island, New York. Plaintiff Malayeva worked as a Customer Success Specialist for Defendant from September 2021 until the termination of her employment on April 28, 2022. At all relevant times, Ms. Malayeva was an "employee" within the meaning of the WARN Act.

13. Plaintiff Felix Roxas is an adult who resides in New Hampshire. Plaintiff Roxas worked as a Customer Success Specialist for Defendant from August 2021 until the termination of his employment on April 28, 2022. At all relevant times, Mr. Roxas was an "employee" within the meaning of the WARN Act.

14. Plaintiff Tracey Mix-Mays is an adult who resides in Indiana. Plaintiff Mix-Mays worked as a Customer Success Specialist for Defendant from August 2021 until the termination of her employment on April 28, 2022. At all relevant times, Ms. Mix-Mays was an "employee" within the meaning of the WARN Act.

15. Plaintiff Nicholas Angelus is an adult who resides in New Jersey. Plaintiff Angelus worked as a Supply Planner for Defendant from April 2021 until the termination of his employment on May 17, 2022. At all relevant times, Mr. Angelus was an "employee" within the meaning of the WARN Act.

16. Defendant The Avo Shopping Company, Inc. is a foreign business corporation organized under the laws of the State of Delaware with a principal place of business located at 4138 37th Street, Long Island City, NY 11101, and address for service of process of 41-38 37th Street, Long Island City, NY 11101 c/o Neri Bluman.

17. At all relevant times, Defendant Avo was an "employer" within the meaning of the WARN Act.

18.     Upon information and belief, at all relevant times, more than 100 employees, not including Part-Time employees, were employed at Avo.

19.     Upon information and belief, Avo knew, or had reason to know, that it was going to terminate the employments of hundreds of its employees well before April 28, 2022, and May 17, 2022, respectively.

20.     Upon information and belief, Defendant has no possible defense sufficient to absolve it from observing the requirements of the WARN Act.

## STATEMENT OF FACTS

21.     At or around the time Plaintiffs respectively began their employment at Avo, Avo presented Plaintiffs with a document entitled "Offer of Employment." which stated in its introductory paragraph that Avo was "pleased to offer you a position … on the terms set forth below." (the "Offer Letter").

22.     The Offer Letter stated in paragraph 10 that: "you and the Company agree that any and all disputes … will be resolved … by final, binding and confidential arbitration."

23.     The Offer Letter also set forth in paragraph 4 the maximum number of paid time off ("PTO")/vacations days employees were eligible per calendar year, plus other PTO/vacation-related policies and terms.

24.     Months after the start of Plaintiffs' respective employment at Avo, in January 2022, Avo issued its employees a document entitled "Avo Employee Handbook" that purported to contain "policies" applicable to "all employees of Avo" ("Avo's Employee Handbook").

25.     Avo's Employee Handbook stated on page 5 that: "This Handbook *replaces* all prior Handbooks, employment policies, and Avo rules and practices, express or implied, whether written or oral.  All Avo employees are required to abide by the terms of this Handbook as a

condition of employment." (emphasis added).

26. Further down on page 5, the Avo Employee Handbook stated that: "As circumstances warrant, except as prohibited by law, Avo may, in its *sole discretion*, modify any of its policies and procedures, including *those covered in this Handbook* at any time, as it sees fit. Avo has the express right to amend, modify, revoke, and add to the terms of this Handbook as well as *other official Avo policy documentation*." (emphasis added).

27. The Avo Employee Handbook then stated on page 5 that: "In the event of any ambiguity of any provision of this Handbook. Avo's interpretation of the terms stated herein is *absolute*."

28. Moreover, in its Preamble on page 3, the Avo Employee Handbook stated that: "except as prohibited by law, all terms, conditions, policies, and procedures as stated in this document are subject to change, and *nothing stated herein is guaranteed [to] remain a fixed term or condition of your employment*." (emphasis added).

29. The Preamble further stated that: "*Other than* the policy of at-will employment, personnel practices are constantly changing and are subject to modification. Our employee policies are continuously under review and changes may be made at any time, *with or without notice*." (emphasis added).

30. The Avo Employee Handbook also contained an alternative dispute resolution clause at pages 75-76, stating that: "both Avo and the employee agree to submit their dispute to arbitration."

31. With regard to provisions that may have appeared in an Avo employee's "employment agreement," Avo made clear on page 33, footnote 5, that: "this Employee Handbook replaces and supersedes any prior Avo [] policy *even if provided in an employment*

*contract* unless stated otherwise in a separate writing signed by Avo." (discussing Avo's PTO/vacation policy) (emphasis added).

32. In other words, Avo exercised its purported "right" to unilaterally revoke a term in its employees' "employment contract" (*i.e.*, the PTO/vacation policy set forth in the Offer Letter) even without the employees in question ever agreeing to or being notified of the changes before they took effect. This was the case even though paragraph 14 of the Offer Letter stated that: "This letter, including, but not limited to, its at-will employment provision, may *not* be modified or amended except by a written agreement signed by the Company CEO and you." (emphasis added).

**WARN Act Claims**

33. On April 28, 2022, and May 17, 2022, respectively, Defendant notified Plaintiffs and other employees that it was going to conduct a mass layoff at its 4138 37th Street, Long Island City, New York 11101 location. Upon information and belief, in all, the employment of over 200 employees, including Plaintiffs, were terminated, and their medical insurance coverage discontinued on May 31, 2022.

34. Avo issued Plaintiffs and all others who were affected by these two "mass layoffs" identical documents that purported to be notices under the WARN Act. However, Avo claimed that it was unable to provide 60 days' notice per the WARN Act due to unspecified allegedly "unforeseeable business circumstances."

35. Avo (or more accurately, Avo's lawyers) merely tracked the Department of Labor's guidance concerning exceptions to the notice requirements of the WARN Act verbatim by claiming that the company could not provide 60 days' notice "due to the dramatic downturn in the market that resulted in Avo not being able to secure crucial funding that [it] had

7

reasonably expected receiving and [their] inability to find replacement funding."

36.     The notices Avo issued to Plaintiffs are attached hereto as "Exhibit A" and "Exhibit B."  Upon information and belief, Avo issued all similarly situated employees whose employments were terminated on April 28, 2022, or May 17, 2022, identical notices.

37.     The notices failed to provide 60-days' notice to Plaintiffs and WARN Class members of the closing, their layoffs, and other statutory conditions.

38.     Upon information and belief, the bases put forth by Avo as to why it was unable to provide Plaintiffs and the WARN Class requisite notice under the WARN Act are false, disingenuous, inaccurate and/or misleading, all to take advantage of Plaintiffs and WARN Class members and avoid paying them 60 days' worth of wages.

39.     For instance, Avo is still operational and has not filed for bankruptcy protection.

40.     In addition, just months before the mass layoffs, in late-2021/early-2022, Avo issued a statement to its staff purportedly from its Founders boasting about its performance and optimistic outlook:

    a.    "2021 [was] a monumental year for Avo!";

    b.    Avo "[f]ulfilled 1.2 MILLION orders, with 6.8 MILLION items, to 520,000 customers!" (emphasis in original);

    c.    Avo "[o]utgrew a NYC Warehouse"; and

    d.    Avo was launching a new "Total Rewards Program" for its employees, and now offering employees, *inter alia*, life insurance plans, commuter benefits, pet insurance, auto/home, legal, critical illness, hospital indemnity, and accident insurance, 401(k)'s, and even Avo equity.

41.     This announcement also touted how Avo had recently *expanded* its business to other markets outside of New York, namely Chicago, Illinois and Houston, Texas.

42.     As such, by all accounts, Avo was performing extremely well as an expanding

company as of January 2022.

43. Upon information and belief, the purported "business circumstances" that allegedly left Avo with no ability to provide Plaintiffs and WARN Class members lawfully required notice of its layoff and/or plant closing (to the extent that they even constituted genuine "business circumstances") were in fact reasonably foreseeable 60 days prior to the mass layoff and/or plant closing, and/or did not necessitate the immediate termination of Plaintiffs' and WARN Class members employment without 60 days' notice/payment of 60 days' wages.

44. In other words, upon information and belief, a similarly situated employer to Avo exercising commercially reasonable business judgment would have foreseen the mass layoff and/or plant closing 60 or more days before Avo issued the notices to Plaintiffs and the WARN Class on April 28, 2022, and May 17, 2022, respectively, and/or provided Plaintiff and the WARN Class members the requisite 60 days' notice/payment of 60 days' wages.

45. Upon information and belief, Avo did not provide notice as soon as practicable.

46. Shockingly, Avo fully understands it has violated the WARN Act and has tried to minimize its liability by offering Plaintiffs and WARN Class members a paltry severance payment of one week of pay in exchange for a full release of claims, including claims under the WARN Act. This suggests that the abrupt termination of hundreds of its employees without following the WARN Act's requirements was nothing more than a calculated business decision to save money.

47. On top of that, Avo has failed to provide affected employees a full opportunity to understand their rights under the WARN Act and other pertinent laws and regulations in order to make an informed decision as to whether to waive their legal claims.

48. Avo, in fact, pressured many, if not all of them to agree to their paltry severance

offer by imposing an unreasonable *seven-day deadline to accept* – an extremely tight timeframe for even the most motivated affected employees to be able to seek out and obtain competent legal advice.

49. If Avo was truly concerned about its affected employees, it would offer this "severance" without the payment being subject to a waiver of claims, or at the minimum, a waiver that excludes claims under the WARN Act.

50. Accordingly, any waiver of claims signed by WARN Class members should be voided for being unconscionable, obtained under duress and/or through fraud, and on any other applicable basis.

51. Any waiver of claims is also unenforceable pursuant to New York Civil Practice Law and Rules ("CPLR") § 5336 because any agreement signed by an affected employee in exchange for severance pay prevents an employee from disclosing the underlying facts and circumstances of discrimination claims without complying with the statute's preference and waiting time requirements.

## **CLASS ACTION ALLEGATIONS – THE WARN CLASS**

52. Plaintiffs bring this action pursuant to Rule 23, on behalf of themselves and a class of persons consisting of all affected employees employed by Avo who were terminated as part of a mass layoff and/or plant shutdown on or after April 28, 2022, including the layoffs that were announced on April 28, 2022, and on May17, 2022 (the "WARN Class").

53. The members of the WARN Class are readily ascertainable. The number and identity of the WARN Class are determinable from Defendant's payroll and personnel records. For purposes of notice and other purposes related to this class action, their names and contact information are readily available from Defendant's records. Notice can be provided by means permissible under Rule 23.

54. The potential number of WARN Class members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of WARN Class members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief, there are over 200 WARN Class members.

55. Plaintiffs' claims are typical of those claims which could be alleged by any WARN Class member, and the relief sought is typical of the relief which would be sought by each WARN Class member in separate actions.

56. Plaintiffs and WARN Class members were subject to the same violations of the WARN Act, as alleged herein, of failing to provide proper and timely written notice to employees subject to a mass layoff effectuated by Defendant.

57. Defendant's corporate-wide policies and practices affected all WARN Class members similarly.

58. Plaintiffs and WARN Class members have all sustained similar losses, injuries and damages arising from the same unlawful policies.

59. Plaintiffs are able and willing to fairly and adequately protect the interests of WARN Class members and have no interests antagonistic to WARN Class members.

60. Plaintiffs are represented by counsel who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in employment cases.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual WARN Class member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each WARN Class member to redress the wrongs done to them.

62. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

63. The prosecution of separate actions by individual WARN Class members would create a risk of inconsistent and/or varying adjudications with respect to each WARN Class member, establishing incompatible standards of conduct for Defendant and resulting in the impairment of WARN Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

64. Common questions of law and fact exist as to WARN Class members that predominate over any questions only affecting Plaintiffs and individual WARN Class members and include, but are not limited to, the following:

    a.    Whether Defendant is an "employer" under the WARN Act;

    b.        Whether Plaintiffs and putative WARN Class members qualify as "employees" under the WARN Act;

    c.        Whether Defendant provided WARN Class members with timely written notice as required by the WARN Act;

    d.        Whether Defendant was exempt from complying with the WARN Act requirements; and

    e.        Whether Defendant furnished WARN Class members with the proper written notice as required by the WARN Act.

## CLAIM FOR RELIEF
## VIOLATION OF THE WARN ACT

65. Plaintiffs on behalf of themselves and the WARN Class reallege and incorporate by reference all allegations in all preceding paragraphs.

66. At all relevant times, Defendant employed one hundred (100) or more employees, exclusive of Part-Time employees, or employed one hundred (100) or more employees who in the aggregate worked at least four thousand (4,000) hours per week exclusive of hours of overtime within the United States.

67. The terminations on or after April 28, 2022, including the terminations announced on April 28, 2022, and May 17, 2022, of the employment of persons who worked at Avo resulted in the loss of employment for at least fifty (50) employees, excluding Part-Time employees.

68. The terminations on or after April 28, 2022, including the terminations announced on April 28, 2022, and May 17, 2022, of the employment of persons who worked at Avo resulted in the loss of employment for at least thirty-three percent (33%) of Avo's employees, excluding Part-Time employees.

69. Plaintiffs and the other WARN Class members were discharged without cause on their part on or about April 28, 2022, and on or about May 17, 2022.

70. Plaintiffs and each of the other WARN Class members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoffs that took place on or about April 28, 2022, and on or about May 17, 2022.

71. Prior to their terminations, Plaintiffs and other WARN Class members did not receive written notice at least sixty (60) days in advance of the termination of their employment.

72. Upon information and believe, the basis for reducing the notification period in the notice Defendant provided was untrue, inaccurate, disingenuous, and/or misleading, and in any event, did not constitute an acceptable exception pursuant to 29 U.S.C. § 2102(b)(3).

73. Due to Defendant's violations of the WARN Act, Defendant is liable to Plaintiffs and WARN Class members for back pay and benefits, including, but not limited to, accrued, unused paid time off, for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and the WARN Class respectfully request that this Court grant the following relief:

A. Declare that the practices complained of herein are unlawful under applicable federal law;

B. Declare this action to be maintainable as a class action pursuant to Rule 23, and direct Avo to provide Plaintiffs with a list of all members of the WARN Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Designate Plaintiffs as representative of the WARN Class, and their counsel of record as class counsel;

   D. Award of damages in favor of Plaintiffs and each WARN Class member against Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for sixty (60) days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for sixty (60) days; and (c) medical expenses incurred during the sixty (60) day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act;

   E. A judgment in favor of the Plaintiffs and the WARN Class equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued, unused paid time off, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

   F. Award Plaintiffs and the WARN Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants', consultants', or experts' fees; and

   G. Grant Plaintiffs and the WARN Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issue of fact and damages stated herein.

Dated: August 22, 2022
White Plains, New York

Respectfully submitted,

**FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman
199 Main Street, Suite 800
White Plains, New York 10601
T./F: 914.984.1111
trahman@filippatoslaw.com

*Counsel for Plaintiffs and the WARN Class*

16